GLEASON *v.* STONEHOUSE.

149   611
p156   43

DEEDS—DELIVERY—EVIDENCE—SUFFICIENCY.

On a bill to set aside a deed and for an accounting of the rents and profits of the property described therein, evidence examined, and *held*, that testimony tending to show that the grantor placed the deed, with others to other grantees, in a box in which he kept his papers, and before his death requested defendant to get the box and take care of it, did not tend to show a delivery of the deed to defendant.

Appeal from Kent; Wolcott, J. Submitted June 6, 1907. (Docket No. 45.) Decided October 4, 1907.

Bill by Clark H. Gleason, trustee, against Albert Stonehouse and Matie Stonehouse to set aside a deed, and for an accounting. From a decree for defendants, complainant appeals. Reversed, and decree entered for complainant.

*Gleason & Lee*, for complainant.

*Smedley & Corwin*, for defendants.

MONTGOMERY, J. The bill in this case was filed for two purposes: (1) To set aside a certain deed made by John Stonehouse and wife to defendant Albert Stonehouse of two lots in the city of Grand Rapids, Michigan, known as lots 107 and 110 of Leonard & Co.'s addition, on the ground the deed was never delivered, and to decree that complainant is the owner of the undivided one-third thereof. (2) To compel defendant to account to complainant for the undivided one-third of the rents and profits of said lots, also of the proceeds of certain lands in Montcalm county described in another deed from said John Stonehouse and wife to defendant, which lands defendant had sold and conveyed to innocent purchasers. By agreement

of counsel the matter of the accounting was eliminated from this case, the same to be taken up, if it be determined that defandant should account therefor, in the accounting suits now pending in the circuit court for the county of Kent.

The two deeds referred to were executed by John Stonehouse and wife. The defendant Albert Stonehouse is the grantee named in each deed. Complainant contends that neither deed was ever delivered by the grantor to the defendant. The deed of lands in Montcalm county was executed April 3, 1883, and was recorded July 9, 1883. Consideration named in the deed is $3,500. The deed of the lands in the city of Grand Rapids was executed May 7, 1883, and was recorded June 1, 1883. Consideration named in the deed is one dollar. Both deeds were without present money consideration. John Stonehouse, the grantor, died in the city of Grand Rapids, May 28, 1883, intestate, leaving a large amount of property, both real and personal.

The question for determination in the case is one of fact, viz., Did John Stonehouse at any time during his lifetime deliver the two deeds in question to Albert Stonehouse, the defendant, with intent to have them take effect presently? A question was raised upon the trial as to whether, by a certain settlement between the parties, this matter had not been adjusted; but both parties now seem agreed that the settlement is not an issue in this case and cannot be determined. The circuit judge held that such settlement was not a bar to this case in any view, and the defendant has not appealed. The circuit judge, however, found as a fact that the deeds had been delivered. The testimony upon this subject of delivery is furnished by Sarah A. Bentley, a sister of John Stonehouse, and by the two defendants. For some time prior to the execution of these deeds John Stonehouse had been ill at Maple Hill, Michigan, where he had lived for some years, engaged in the lumber and shingle business. Mrs. Bentley was caring for him as a nurse. She testifies that the

notary came to the house and prepared these deeds, together with deeds of other property to other of his children; that John Stonehouse signed them; that she, together with the notary, witnessed them; and that the papers were then handed to her with the request that she place them in a secretary kept in the house, and that she did so; that nobody was present except the notary and the witness.

The testimony shows that not long after this John Stonehouse was removed to Grand Rapids, and, as before stated, died on the 28th day of May, 1883, which was about three weeks after the last deed was executed. Mrs. Bentley testifies that after the death of John Stonehouse, the defendant Albert Stonehouse asked her where those deeds were put, and she told him they were put in his father's secretary. This conversation, she states, was after the death of John Stonehouse and before the funeral. The defendant testifies that he has no recollection whatever of any such conversation and testifies that when his father came down from Maple Hill to Grand Rapids he accompanied him and that his father requested him to bring down a box. We quote from his testimony:

" He says, ' Albert, you know the box that I always keep my papers in ? ' I said, ' Yes, sir.' And he says, ' You go and get that box and bring it with you because that contains all of my papers.' * * * I took this box with me. Father mentioned it again that day. He told me after we got him into the house and all settled so that he was a little easier, he says, ' Albert, you take that box and take care of it.' I took it home. It contained five deeds, also abstracts, quite a few receipts and all those line of papers, old deeds and old abstracts of property. I have the box yet."

Witness also denied having gone to Maple Hill after the deeds. He testifies that after the funeral the deeds were in the box and he took out the deeds of his property up there and brought them down and put them on record, and gave his brother his two deeds.

The defendant Matie Stonehouse testified that she was

present when his father reached Grand Rapids from Maple Hill, and testifies that when Albert told his father that he was going home for the night his father asked, "Have you got the box that you brought down with you?" Albert said, "Yes." The father said, "Well, take it with you, it is yours, the papers that are in there are yours," and she recognized the box which contained the deeds as the one Albert took home. This witness is somewhat confused in stating this conversation on cross-examination, and it is to be noted that her testimony differs very materially from that of her husband.

The testimony of Albert Stonehouse, so far from showing delivery, tends in the opposite direction. The box in question not only contained the deeds running to Albert but to others as well, together with other important papers. John Stonehouse, being too ill to care for it himself, requested Albert to take the box and take care of it. This goes far to disprove any purpose of delivering, to have present effect, any one of the papers contained in the box. There is no pretense that any authority was delegated to Albert to deliver the deeds to either of the other children, and it is not to be inferred that John Stonehouse expected to deliver the deeds to one of the children and leave the others not delivered.

In view of this conflict between the testimony of the defendants, it is too much to ask that we place credence in the statement of the witness Matie Stonehouse of the precise words that John Stonehouse used on the occasion in question. In the first place the words prove too much. John Stonehouse could not have intelligently said of the papers in the box that they belonged to Albert Stonehouse. This might possibly have been said of the two deeds in question if the grantor had so intended; but the box contained many other papers—among the others, deeds to other children. These certainly were not the papers of Albert Stonehouse. Furthermore, it was not Albert Stonehouse's box, as he well understood.

We think the fair course is to accept the testimony of

Albert Stonehouse as more reliable than that of his wife, and his testimony fails to show a present delivery of these deeds in its most favorable construction to the defendant. We feel constrained to reverse the decree of the circuit court, and direct that the deeds in question be held inoperative, and that the complainant, subject to any defense that may be made in the accounting case, is entitled to the rents and profits of her one-third interest in this property.

Complainant will recover costs of both courts.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred.